UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

| | | |
|---|---|---|
| JOHN G. WESTINE, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 3: 15-10-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| BILLY ROBERTS, Jailer, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate John G. Westine, Jr. is confined at the United States Penitentiary - Victorville in Adelanto, California. Proceeding without counsel, Westine has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court must conduct an initial screening of Westine's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Westine's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**I**

In his petition, Westine contends that the United States Parole Commission ("Parole Commission") did not properly calculate "all consecutive sentences less earned good time credit." More specifically, Westine contends or suggests that his release date was not properly

1

calculated when considering the time to be served for each of his three separate sentences, although his cursory arguments in support of that contention do little to clarify the legal basis for his claims. [R. 1 at pp. 2-5]

Westine first suggests that the Parole Commission and/or the Bureau of Prisons ("BOP") failed to correctly calculate his release date from the sentence imposed in 1990 for income tax evasion in *United States v. Westine*, No. 2: 90-CR-263-R-1 (C.D. Cal. 1990) ("*Westine I*"). In that case, Westine was sentenced to a five-year term of imprisonment for income tax evasion and a consecutive one-year term of imprisonment for failure to file an income tax return. However, the trial court ordered Westine to serve only 90 days in prison for the five-year term, 60 days in prison to be served on weekends for the one-year term, to be followed by probation for the balance of the six-year sentence imposed. [R. 1 at p. 3] See also Brief for Appellant, *United States v. Westine*, 5 F. 3d 544 (9th Cir. 1993), No. 91-50251, 1993 WL 13147598, at *2-3. Westine offers no factual or legal basis for his claim that his sentence was not properly calculated other than to note that because this was an "Old Law" sentence, meaning one imposed for conduct prior to the 1987 effective date of the Sentencing Reform Act ("SRA"), he was potentially eligible for mandatory release after he had served two-thirds of the sentence. [R. 1 at p. 4; R. 1-2 at p. 3]

After the sentence in *Westine I* was imposed, instead of turning himself in to BOP custody to begin serving his prison term, Westine fled to Canada. Within a few months Westine had been taken into custody by Canadian officials and extradited to the United States. Because he had failed to appear to serve his sentence in *Westine I*, Westine was charged in a separate proceeding and convicted of violating 18 U.S.C. § 3146(a)(2)(1), and was sentenced to a 21-month term of imprisonment to be served consecutively to his other sentences. *United States v.*

2

*Westine*, No. 2: 91-CR-65-SVW-1 (C.D. Cal. 1991) ("*Westine II*").  In his petition, Westine's second assertion is that he was only required to serve 546 days to satisfy that 21-month prison term because he would have earned 84 days of good conduct time during that period.  [R. 1 at p. 4]

Westine's failure to appear not only resulted in his conviction and sentence in *Westine II*, but also the revocation of his probation terms in the first case.  On September 13, 1993, the court in *Westine I* revoked his probation term on both convictions and sentenced him to a consecutive term of six years imprisonment: one year for violating probation on the sentence imposed for failing to file a tax return and five years for violating probation on the sentence imposed for tax evasion.  See *Westine v. Perrill*, 1995 WL 397065, at *1 (10th Cir. July 7, 1995); *Westine v. U.S. Parole Comm'n*, No. 06-279-DRH, 2006 WL 3075844, at *2 (S.D. Ill. Oct. 27, 2006).

Westine also mentions the 235-month sentence imposed in 1992 for fraud and money laundering in *United States v. Westine*, No. 1: 91-CR-127-CBR (S. D. Ohio 1991) ("*Westine III*").  However, petitioner's entire statement consists of three sentence fragments: "Completed Mandatory Released (*sic*).  Less Earned Good Time.  See: Ground for Consecutive Sentences."  [R. 1 at p. 4]  Westine's "Ground for Consecutive Sentences" appears at the top of the next page of his petition.  There, Westine alleges or suggests that: (1) the total sentence imposed under his three criminal cases was 271 months; (2) he was entitled to a total of 33 months of good time credits under all of his sentences (116 days earned while serving his "Old Law" sentence in *Westine I* and 872 days earned while serving his "New Law" sentences in *Westine II* and *Westine III*); and (3) he served 254 months in prison because the "time started" on his sentences on October 1, 1990, and he was released from prison on October 31, 2011.  Thus, Westine argues that he served 16 months too long because he should have served only 238 months

imprisonment, 271 months less the 33 months of good time credits. [R. 1 at 5] This, at last, appears to be Westine's claim for habeas relief: that the BOP did not properly calculate his aggregated Old Law and New Law (SRA) sentences, and that he should have been released from BOP custody 16 months before October 31, 2011, on or about June 30, 2010.

**II**

Westine has challenged the computation of his past sentences before, without success. Even disregarding any possible preclusive effect of the prior judgments against him, see [R. 12 at 9-10], the Court has reviewed the threadbare allegations and claims of Westine's petition, and concludes that he has asserted no viable claim to relief.

Westine's arguments ultimately fail because they are based upon several misstatements of fact and misunderstandings of the law. First, Westine starts from the premise that the sum of the three sentences imposed totals 271 months. [R. 1 at 5] This appears to be based upon a total of 256 months for the 21-month and 235-month SRA sentences, plus 15 months for the Old Law sentence: 90 days (3 months) for the tax evasion conviction and one year (12 months) for the failure-to-file conviction. See [R. 1 at 3] However, this disregards the fact that Westine was re-sentenced to six years imprisonment when his probation was revoked in *Westine I*. Properly calculated, the total of Westine's sentences is 328 months: 72 months for the Old Law probation revocation sentence imposed in *Westine I*, 21 months for the SRA sentence imposed in *Westine II*, and 235 months for the SRA sentence imposed in *Westine III*. See *Westine v. Hollingsworth*, No. 5: 11-CV-3146-RDR, 2011 WL 5024270, at *1 (D. Kan. Oct. 20, 2011) (*Westine IV*).

Second, the BOP aggregated the two SRA sentences for a total of 256 months, commencing that term on April 4, 1991, and granting 101 days of prior custody credits under 18 U.S.C. § 3585(b). *Id*. Therefore, Westine effectively began earning credit in satisfaction of his

4

sentences on December 24, 1990, not October 1, 1990 as he contends in his petition. [R. 1 at 5] Westine's miscalculation accounts for 84 days of the discrepancy he perceives.

Third, the BOP had originally determined that if Westine earned all available good conduct time and did not forfeit any portion of it, he would complete service of his two SRA sentences by July 31, 2009, at which time he would begin serving his six-year Old Law sentence. See *Westine v. U.S. Parole Comm'n*, No. 5: 10-CV-3188-RDR (D. Kan. Apr. 8, 2011) (*Westine V*), R. 10-1 therein at 8. Based upon this calculation, the Parole Commission concluded pursuant to 18 U.S.C. § 4205(a) that Westine became eligible for parole from his Old Law sentence after serving two years - one-third of his six-year sentence - on July 29, 2011. *Westine V*, 2011 WL 1344139, at *3. Following an initial parole hearing in March 2011, on April 19, 2011, the Parole Commission granted Westine parole in a Notice of Action ("NOA") letter, with a parole effective date of July 29, 2011. *Westine IV*, R. 10-1 therein at 81-83. Westine's approaching release date prompted the BOP to conduct an audit of its original computation of Westine's sentence. That audit revealed that the BOP's original release date calculation had failed to account for 108 days of good conduct time that had been forfeited or disallowed during service of Westine's SRA sentences. *Westine IV*, R. 10-1 therein at 8-9. As a result, the BOP revised Westine's release date from the SRA sentences from July 31, 2009 to October 30, 2009, and the Parole Commission issued a corresponding revision in a July 2011 NOA, adjusting Westine's parole effective date from July 29, 2011, to October 31, 2011. *Westine IV*, 2011 WL 5024270, at *1; *Westine IV*, R. 10-1 therein at 94-95.

These facts establish that Westine was required to serve two years (24 months) of his Old Law sentence before he was granted parole, 9 months more than the 15 months he contends he was obligated to serve. They also establish that his calculations fail to account for the 108 days

5

of good conduct time lost or disallowed during service of his SRA sentences.  When these two periods of time are combined and added to the 84-day miscalculation described above, their total corresponds directly with the roughly 16 months Westine contends that he "served … past expiration."  [R. 1 at 5]

      The period of time Westine was required to serve also conforms to the applicable statutes.  *Westine IV*, R. 10 therein at 8-9.  As noted above, the aggregate term of Westine's SRA sentences was 256 months.  With December 24, 1990, as a starting point, the full 21-year and 4-month term would conclude on April 29, 2012.  During this period, under 18 U.S.C. § 3624(b), Westine could earn up to 47 days of good time credits for each year of the sentence imposed.  *Barber v. Thomas*, 560 U.S. 474 (2010); BOP Program Statement 5880.28 Ch. 1 § 3(g).  This would total 1003 days of potential good conduct time, less the 108 days forfeited or disallowed, resulting in Westine's SRA sentences concluding on October 31, 2009.  See *Westine V*, R. 10-1 therein at 8.  In sum, the BOP properly calculated the term of Westine's sentences and release date when accounting for prior custody credits under 18 U.S.C. § 3585(b), good conduct time - both earned and forfeited – under 18 U.S.C. § 3624(b), and the Parole Commission's grant of parole pursuant to 18 U.S.C. § 4205(a) after Westine served two years of his Old Law sentence.  *Westine IV*, R. 10-1 therein at 11, 13, 55-67.

      Finally, the Parole Commission's decision to grant Westine parole at the first available opportunity, two years into his six-year sentence, also readily disposes of his arguments with respect to mandatory release and/or good time credits under *Westine I*.  Westine noted that his Old Law sentence was subject to mandatory release provisions.  [R. 1 at 4]  18 U.S.C. § 4206(d) does require that a prisoner whose Old Law sentence of five years or more be released after service of two-thirds of that sentence unless the Parole Commission makes certain findings that

continued detention is warranted. Cf. *Stone v. Sepanek*, No. 12-CV-10-KSF, 2012 WL 4433279, at *3-4 (E.D. Ky. Sept. 25, 2012); *Dunne v. Zuercher*, No. 10–171–ART (E.D. Ky. Nov. 30, 2011), *aff'd*, No. 12-5066 (6th Cir. 2012). Westine's "two-thirds" mandatory release date was July 29, 2013. See *Westine V*, R. 10-1 therein at 6. But as noted above and as Westine acknowledges in his petition, he was paroled well before that date, on October 31, 2011. [R. 1 at 5] Therefore, neither mandatory release provision of § 4206(d) or any good time credits earned are relevant to Westine's release date because he was granted parole long before such provisions were implicated. See *Westine V*, R. 10-1 therein at 10.

For each of the foregoing reasons, Westine's petition fails to establish any viable grounds for relief, and will be denied.

Accordingly, **IT IS ORDERED** that:

1. Petitioner John G. Westine's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. Westine's Motion for Status Hearing [R. 20] is **DENIED AS MOOT**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 19th day of July, 2016.



Gregory F. Van Tatenhove
United States District Judge